Per Curiam.

Defendant appeals from a judgment awarding plaintiff a decree of separation and alimony and other relief after a trial at Special Term before an official referee appointed “ to hear and determine ”.
Defendant’s testimony on the essential issues litigated was properly not credited by the learned trial court. The evidence adduced in this record fully supports the findings that defendant abandoned plaintiff, that the defense of a Nevada divorce is without merit, and all other findings and conclusions of the learned court except with respect to the amount of alimony and support for the son Robert, as hereinafter indicated.
The finding with respect to plaintiff’s right to judgment for temporary alimony from June 6, 1947, to June 3, 1948, must be modified. It is uncontested that on June 16, 1948, Special Term by order dated that day modified the prior order granting temporary alimony of $75 a week by eliminating therefrom provisions for alimony after October 14, 1947, the date of defendant’s accident. The decision to grant permanent alimony of $75 a week from June 3, 1948, was made at *809 the close of the plenary trial on that date, and any subsequent action by Special Term on affidavits could not, of course, change that decretal part of the judgment with regard to permanent alimony. However, for the period prior to June 3, 1948, the order of Special Term dated June 16, 1948, entered and not appealed from by plaintiff had eliminated temporary alimony from October 14, 1947, and was effective, as modified by the judgment, to June 3,1948. Therefore, the total alimony arrears found in the sum of $3,160 should be reduced by deducting $75 a week pursuant to the unappealed order of June 16, 1948 (October 14,1947, to June 3, 1948 — 33 2/7th weeks) which amounts to $2,496, leaving a balance of alimony arrears in the sum of $664, and the amount of the judgment for temporary alimony arrears should be limited to that amount, and the judgment modified accordingly.
Coneededly Robert Bruce, son of the parties, was twenty-one years of age on June 26, 1948, and since that date, on the facts disclosed, defendant was not obliged to support him, and to the extent that the judgment entered June 30, 1948, directs such support, it must also be modified.
We think, too, that a full exploration should be made of defendant’s financial resources and his earning ability, any collections made by plaintiff as receiver, any allowances under insurance coverage defendant holds, the disposition of such allowances, and any and all facts and circumstances to enable the court to fix with reasonable certainty, the amount of permanent alimony payable for the support of the plaintiff and the infant daughter.
We are convinced from reading this record that the learned trial court properly found that this defendant can pay something and will never pay anything until forced to do so. The evidence sufficiently supports an inference that he is at least able to pay pending the hearing now directed before an official referee from and after the date of the order to be entered herein, $40 a week for the support of plaintiff and her minor daughter. The fixation of such sum should not be considered in any way binding upon the trier of the facts after a full disclosure at the hearing. If defendant fails to pay such sums promptly plaintiff may move to punish him for contempt. The reference should proceed expeditiously and without 'any unnecessary delay on defendant’s part.
The judgment appealed from should be modified accordingly and, as so modified, in all respects affirmed, with costs and disbursements to respondent.
Peek, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously modified in accordance with opinion herein and, as so modified, affirmed, with costs to the respondent. Settle order on notice.